Filing # 113792500 E-Filed 09/22/2020 05:02:48 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JONATHAN SAWYER,

   CASE NO.:

  Plaintiff,

v.

WALMART STORES EAST, LP,
a foreign limited partnership, and
RICK PARHAM, as Store Manager,

  Defendants.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, JONATHAN SAWYER, by and through the undersigned counsel, and hereby sues the Defendants, WALMART STORES EAST, LP ("WALMART"), a foreign limited partnership, and RICK PARHAM, as store manager, and in support thereof, alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars.

2. At all times material hereto, the Plaintiff, JONATHAN SAWYER, was an individual residing in Miami-Dade County, Florida and is *sui juris*.

3. At all times material hereto, the Defendant, WALMART, was a foreign limited partnership authorized to do and doing business in Miami-Dade County, Florida.

4. At all times material hereto, the Defendant, RICK PARHAM, was an individual residing in Miami-Dade County, Florida.

1

Ex. "A"

5. Venue is proper in Miami-Dade County as the subject incident took place therein.

6. On or about November 6, 2019, the Defendant, WALMART, owned, maintained and/or controlled a WALMART store, Store #3387, located at or near 17650 NW 2nd Ave, Miami Gardens, FL 33169, Miami-Dade County, Florida.

7. At all times material hereto, the Defendant, RICK PARHAM, was the general manager of the aforedescribed WALMART store.

8. On the above date and time, the Plaintiff, JONATHAN SAWYER, was a business invitee on the Defendants' property and lawfully on the premises.

9. At the aforedescribed time and place, the Plaintiff, while exercising due care and caution for his own safety, was shopping at the aforedescribed WALMART store when he was caused to slip and fall to the floor due to the careless and negligent manner in which the floors were maintained in the area of the ice cream freezers of the aforesaid store. More specifically, the Plaintiff slipped on a wet, slippery brown substance, appearing to be melted ice cream, causing Plaintiff to fall to the ground.

## COUNT I
## NEGLIGENCE CLAIM AGAINST WALMART

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

10. At all times material hereto, the Defendant, WALMART, by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which would render

Ex. "A"

them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to him in his lawful use of the same.

11. The Defendant, WALMART, owed the Plaintiff a duty to warn him of the aforedescribed dangerous and unsafe condition which led to Plaintiff's slip and fall incident.

12. The Defendant, WALMART, by and through its employees and/or agents, breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

   a. The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid substances, transitory foreign objects, and/or other debris;

   b. Had Defendant exercised reasonable care in the maintenance of the store's floors, it would have discovered the dangerous condition of a foreign object on its floor;

   c. The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the store; and

   d. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous condition.

13. The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

14. As a direct and proximate result of Defendant's negligence, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any,

Ex. "A"

and loss of the ability to earn wages. The injuries sustained by Plaintiff are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, JONATHAN SAWYER, demands judgment against the Defendant, WALMART, for damages, costs and any other relief this Court deems appropriate. *Plaintiff further demands a trial by jury as to all issues so triable by right.*

## COUNT II
### NEGLIGENCE CLAIM AGAINST RICK PARHAM

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

15. At all times material hereto, Defendant, RICK PARHAM, was the manager of the WALMART store identified in Paragraph 6, and was in control of and responsible for the overall maintenance of the store including the floors adjacent to the ice cream freezers.

16. As such, at all material times, said manager owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

17. Further, being in control of the aforesaid store, Defendant, RICK PARHAM, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the floors of the store, including the floors adjacent to the ice cream cooler, in such manner as to avoid injury or damages to business invitees, such as the Plaintiff, JONATHAN SAWYER, as a result of transitory foreign objects, liquid substances, and/or other debris on the floor of said store.

Ex. "A"

18. Defendant store manager, RICK PARHAM, negligently failed to exercise reasonable care

relating to the aforesaid area of the store while under his control in that he failed to take reasonable precautions to maintain said premises in a safe condition.

19. Among the duties of Defendant, RICK PARHAM, as being the person in control of the area identified in Paragraph 15, was to: a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove inherently dangerous conditions, including but not limited to, dangerous substances on the floor of said premises and to clean up or remove such dangerous liquid substances and/or objects/debris prior to business invitees being injured thereby; and b) to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, JONATHAN SAWYER, while shopping on and at said premises.

20. Had such duty been performed, the dangerous condition which caused Plaintiff, JONATHAN SAWYER, to fall and injure himself would have been observed in time to have been corrected.

21. But for the negligent failure of Defendant, RICK PARHAM, to perform such duties and responsibilities, Plaintiff, JONATHAN SAWYER, would not have fallen and injured himself, as aforesaid.

22. As a direct and proximate result of Defendant RICK PARHAM's negligence, Plaintiff, JONATHAN SAWYER, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by

Ex. "A"

Plaintiff are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, JONATHAN SAWYER, demands judgment against the Defendant, RICK PARHAM, for damages, costs and any other relief this Court may deem appropriate. ***Plaintiff further demands trial by jury as to all issues so triable by right.***

In compliance with Rule 2.516 of the Florida Rules of Judicial Administration, all pleadings in this cause shall be served on the undersigned by e-mail at pleadings@anl-law.com.

DATED this _____ day of September, 2020.

> **LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
> *Counsel for Plaintiff*
> 300 S.E. 17th Street
> Fort Lauderdale, Florida 33316
> Tel: (954) 525-0050 / Fax: (954) 525-0020
> E-service at: pleadings@anl-law.com
>
> By: _____
> GLEN B. LEVINE, ESQ.
> FBN 0144355
> LAWRENCE A. LEVINE, ESQ.
> FBN 0193185

Ex. "A"